O. JENNIE LOTZSPIETCH, Respondent, v. ROBERT WATTS, Appellant.

#### Kansas City Court of Appeals, May 29, 1899.

**Negligence:** UNAVOIDABLE ACCIDENT: CONFLICT OF EVIDENCE. The evidence in this case is reviewed and held sufficient to send the case to the jury on the question whether the defendant by reason of his intoxication permitted his team to run away and over plaintiff's buggy, injuring her, and to sustain a verdict for either party.

*Appeal from the Atchison Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED:

L. D. RAMSEY for appellant.

(1) The appellate court will reverse where there is absolutely no evidence on the part of plaintiff to fix defendant's liability. Spohn v. Railway, 87 Mo. 74-85; Hunter v. Railroad, 116 N. Y. 615; s. c., 23 N. E. Rep. 9. (2) It is an elementary principle that, before a defendant can be called upon to introduce evidence to discharge himself, the plaintiff must, by some evidence, show a liability on the part of defendant. Diel v. Railway, 37 Mo. App. 454-457. (3) Facts which are essential to a right of recovery must be proved by testimony having at least a preponderating influence. A verdict evidently founded on mere conjecture of possibilities or probabilities, however reasonable, will not be permitted to stand. Moore v. Railway, 28 Mo. App. 622, 626, 628; Railroad v. Shotte, 97 Pa. St. 450. A cause will be reversed if there is no evidence on part of plaintiff. Whitmore v. Crawford, 106 Mo. 435; Avery v. Fitzgerald, 94 Mo. 207; Robbins v. Phillips, 68 Mo. 100; Wilson v. Albert, 89 Mo. 537. Where there is no evidence to support the verdict, the

Lotzspietch v. Watts.

judgment will be reversed. Howard v. Coshow, 33 Mo. 118; Routsong v. Railway, 45 Mo. 236; Moore v. Hutchinson, 69. Mo. 429; Baum v. Fryrear, 85 Mo. 151; Flanders v. Green, 50 Mo. App. 371. And this course will be taken regardless of the declarations of law given. Dedo v. White, 50 Mo. 241; Moore v. Hutchinson, 69 Mo. 429; State ex rel. v. Tubb, 22 Mo. App. 91. (4) Where unavoidable accident may be as fairly or more fairly indulged, as that involving guilt of negligence or carelessness, the law will prefer the former. Rumbolds v. Parr, 51 Mo. 592; Chapman v. McIlwrath, 77 Mo. 38; Henderson v. Henderson, 55 Mo. 534; Ames v. Gilmore, 59 Mo. 537.

L. J. MILES and J. P. LEWIS for respondent.

(1) Appellant has not assigned any particular error of the court, does not complain of giving or refusing any instruction, or of admitting or refusing any evidence. He asked instructions upon the converse of the same theory as that of respondent. He asked no demurrer to the evidence, but accepted and tried the case upon the issues tendered by plaintiff and it is now too late to complain. There is nothing to complain of except that which he has invited and assisted to develop. Singer v. Dickneite, 51 Mo. App. 245-248; Haggard v. Ins. Co., 53 Mo. App. 98-106; Harper v. Morse, 114 Mo. 317-322. (2) "A demurrer to the evidence admits. everything which the testimony conduces to prove, though but in a slight degree." "Every inference of fact in favor of the party offering the evidence will be made which the jury might, with any degree of propriety have inferred." Wilson v. Board of Education, 63 Mo. 137-140; Groll v. Tower, 85 Mo. 249-251; Field v. Railway, 46 Mo. App. 449; Franke v. St. Louis, 110 Mo. 516-525; Buck v. Railway, 103 Mo. 179; Burger v. Railway, 112 Mo. 238; Gutridge v. Railway, 105 Mo. 520. (3) The facts do tend to establish

plaintiff's case and the jury were fully warranted in finding as they did.

ELLISON, J.—Plaintiff brought this action for personal injury and for destruction of her buggy. She recovered $200 in the trial court.

The sole question presented by the record is, whether there was evidence sufficient to support the verdict. It seems that plaintiff was driving along the public highway and that defendant was also, the former being in a one-horse buggy and the latter some distance behind in a two-horse vehicle. Plaintiff met and passed some teams and shortly thereafter defendant met them. His horses got beyond his control, ran away, threw him out and running on, overtook plaintiff, ran into or over her buggy, demolishing it and injuring her. The defendant claims the accident was wholly unavoidable; that in passing the wagons and teams, his horses without his fault, became suddenly frightened, perhaps at the flapping of a wagon cover, ran off, threw him out and on over the plaintiff. Plaintiff claims that defendant was intoxicated and had been driving rapidly and recklessly without control of his horses, for a considerable distance. Counsel for either side have stated matters in argument which we have not been able to find in the record, but we of course must be bound by the case as it appears in the record. The law of a case like this is plain and the authorities are cited by each party in their respective briefs. That of defendant is that if there is no substantial evidence tending to support the verdict we should reverse the judgment. That of plaintiff is that if there is any substantial evidence tending to support the verdict, we must affirm the judgment. And that the plaintiff is entitled to call to her aid any reasonable inference which may be drawn from the testimony as detailed by the witnesses. We have gone over the record and found that if the witnesses for plaintiff are to be credited (and that is a

question for the jury) defendant was grossly careless and negligent. If these witnesses (Bacon, Logue, Erickson, Blake, Jennings, Clark, Kyker and Brown) are to be believed defendant was unquestionably drunk and was driving a spirited team along the highway at a reckless rate of speed. The jury had the right to attribute the escape of the team to defendant's condition and conduct. There can be no doubt of this.

It is quite true that there was ample testimony for defendant to have justified a verdict in his behalf. But that is not the question. The question for us, under the law, is not what might have been upheld had the verdict been the other way, but what ought to be done with the verdict as it is. We find ourselves without liberty to disturb the result and hence affirm the judgment. All concur.